E-FILED
Wednesday, 26 April, 2017 04:29:26 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DEANGELO JOHNSON,           )
                            )
            Petitioner,     )
                            )
     v.                     )      Case No. 15-1517
                            )
UNITED STATES OF AMERICA,   )
                            )
            Respondent.     )

# ORDER AND OPINION

This matter is now before the Court on Petitioner Johnson's Amended [3] Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. For the reasons set forth below, Johnson's Motion [3] is DENIED.

### BACKGROUND[1]

Petitioner Johnson was charged on May 18, 2011 by way of indictment with one count of conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and one count of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). He entered an open plea of guilty to both counts on July 1, 2011. See *United States v. Johnson*, No. 11-cr-10044 (C.D. Ill. 2011). The Court found that Johnson was a career offender under USSG § 4B1.1 based on his prior convictions for armed robbery and aggravated fleeing or attempt to elude a peace officer. Application of the career offender guideline resulted in an advisory guideline range of 262-327 months' imprisonment. The Court ultimately varied below the calculated guideline range and sentenced Johnson to a

---

[1] The Court commends Attorney Lee Smith, appointed CJA counsel for Petitioner, for his exceptional and helpful briefing in this matter.

1

term of 170 months' imprisonment. Johnson filed a notice of appeal, but the appeal was later dismissed on Johnson's own motion.

On June 26, 2015, the Supreme Court issued a decision in *Johnson v. United States*, 135 S. Ct. 2251 (2015). *Johnson* held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), was unconstitutionally vague. On January 26, 2016, Petitioner Johnson filed the instant § 2255 motion asserting that he no longer qualifies as a career offender in light of *Johnson* because his predicate offense for aggravated fleeing or attempt to elude a peace officer is no longer a "crime of violence" as that term is defined under USSG § 4B1.2.

On March 15, 2016, the Court granted Johnson's request for appointment of counsel and appointed attorney Lee Smith from the CJA Panel to represent him. Attorney Smith filed a reply brief on April 13, 2016, and the United States subsequently sought to stay this action pending the Supreme Court's resolution of *Beckles v. United States*, 137 S. Ct. 886 (2017). On July 25, 2016, the Court granted the stay and directed the parties to file a status report once the Supreme Court decided *Beckles*. On April 16 and 26, 2017, respectively, the United States and Petitioner filed status reports. Although Petitioner's status report requested additional time to more fully respond, for the reasons set forth below, the Court finds that no additional briefing is necessary to resolve this case. If Petitioner disagrees with this Order, he may file a motion under Rule 59 or 60.

**LEGAL STANDARD**

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 268 (1995). Section 2255 is limited to correcting errors that

"vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993). A § 2255 motion is not a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698. Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717, 710-20 (7th Cir. 1994).

## ANALYSIS

Petitioner filed this § 2255 motion based on the Supreme Court's decision in *Johnson*. In that case the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process" because the clause was unconstitutionally vague. 135 S. Ct. at 2563. The residual clause in Section 924(e) of the ACCA contains the same language as the Guidelines' residual clause. See USSG § 4B1.2(a). Prior to *Johnson*, Seventh Circuit precedent squarely foreclosed vagueness challenges to the Sentencing Guidelines. *United States v. Tichenor*, 683 F.3d 358 (7th Cir. 2012). However, after *Johnson* but before *Beckles*, the Seventh Circuit overruled *Tichenor* and, applying *Johnson*,

3

held that the residual clause in USSG § 4B1.2(a)(1) was unconstitutionally vague. *United States v. Hulburt*, 835 F.3d 715, 725 (7th Cir. 2016). On March 6, 2017, the Supreme Court decided *Beckles*. Abrogating the Seventh Circuit's decision in *Hulburt*, the Supreme Court held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Beckles v. United States*, 137 S. Ct. 886, 895 (2017).

In light of *Beckles*, analysis of Petitioner Johnson's § 2255 motion is straightforward. Johnson challenges his designation as a career offender based on his prior conviction for aggravated fleeing and eluding, which qualified as a crime of violence under the Guidelines' residual clause. In light of *Beckles*, the advisory Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause, so § 4B1.2(a)'s residual clause is not void for vagueness. *Beckles*, 137 S. Ct. at 895; *Cummings v. United States*, No. 16-1636, 2017 WL 1086303 (7th Cir. Mar. 21, 2017). Accordingly, Petitioner Johnson's § 2255 motion must be denied.

### CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, no reasonable jurist could conclude that Johnson made a substantial showing of the denial of a constitutional right following *Beckles*. Accordingly, this Court will not issue a certificate of appealability.

## CONCLUSION

For the reasons stated above, Johnson's Motion [3] is DENIED.

This matter is now terminated.

Signed on this 26th day of April, 2017.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge
